## 31143. ANDREWS v. THE STATE.

UNDERCOFLER, Presiding Justice.

We granted petitioner's application for a habeas corpus appeal to consider the question whether his guilty plea was voluntary under the standards set out in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1968). The trial court denied his petition and remanded him to custody. We reverse.

Petitioner, an illiterate, was indicted in August, 1974, on eight charges involving marijuana and gambling offenses and misdemeanor pistol offenses. An attorney was appointed and petitioner pleaded guilty, receiving a ten year sentence, with five years of the sentence to be probated. At the guilty plea hearing the defense attorney had merely presented a form called "Judge's Interrogatory to Felony Defendant" to the court, which had been filled out, according to that attorney's testimony at the habeas corpus hearing, by reading or paraphrasing each question to the petitioner and recording his response. The form was then marked with an X by either the defendant or his counsel and witnessed by the court clerk.

The transcript of the guilty plea does not reflect these facts, but merely contains an assertion by the district attorney to the court that the pleas had been entered, a request for mercy by the petitioner and his counsel, and the imposition of sentence by the court, amounting to only two pages of transcript in all. Petitioner then brought this habeas corpus petition pro se, claiming his guilty plea was not voluntary, and new counsel was appointed.

1. The burden is on the state to show affirmatively that a guilty plea was intelligently and voluntarily entered once challenged by the petitioner. Boykin v. Alabama, supra; *Roberts v. Greenway,* 233 Ga. 473 (211 SE2d 740) (1975). "What is at stake for an accused facing ... imprisonment demands the utmost solicitude of which *courts* are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." (Emphasis supplied.) Boykin v. Alabama, supra, pp. 243-244.

The evidence in this case does not meet this test. The

trial court had before it an illiterate defendant who presented a printed form, which had been filled out by his attorney. No further inquiry was made into the completion of the form, the factual basis of the indictments, nor on the voluntariness of the plea. "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." Boykin v. Alabama, supra, p. 242.[1]

We have held, however, that extrinsic evidence may be presented at the habeas hearing to supplement the record made of the time the guilty plea was taken. *Roberts v. Greenway,* supra; *Bailey v. Baker,* 232 Ga. 84 (205 SE2d 278) (1974); *Huff v. Barnett,* 230 Ga. 446 (197 SE2d 345) (1973). The testimony of the clerk of court and the original defense attorney before the habeas court was vague and equivocal at best. Neither seemed to have any real recollection of what actually had transpired. Petitioner denied having understood that he was waiving any rights or was pleading guilty to any charges, and ever having signed any such form. Accordingly, we hold that the state has failed to carry its burden of showing the petitioner had knowingly, intelligently and voluntarily pleaded guilty.

2. We need not reach petitioner's second contention of ineffective assistance of counsel because of the result in Division 1.

We, therefore, vacate petitioner's sentence, set aside his guilty plea and remand this case for further proceedings not inconsistent with this opinion.

*Judgment reversed and remanded. All the Justices concur.*

SUBMITTED MAY 17, 1976 — DECIDED JUNE 8, 1976.

----

[1]Although we do not here adopt it, Rule 11 of the Federal Rules of Criminal Procedure, 18 USCR 11 (1975), contains a good list of the considerations of which the trial court must be satisfied before accepting a guilty plea.