## 35767. THE STATE v. GERMANY.

NICHOLS, Chief Justice.

Certiorari was granted in this case to consider the applicability of Rule 11 of the Federal Rules of Criminal Procedure to state court proceedings. *Germany v. State,* 151 Ga. App. 866 (261 SE2d 774) (1979).

The defendant was indicted for fraud in obtaining public assistance. Code Ann. § 99-9904. Over a two-year period, she had obtained approximately $6,000 in food stamps, public assistance, and medicaid payments, while also receiving a military allotment from her husband. At arraignment, the defendant pled guilty and waived her right to counsel. She was sentenced to two years imprisonment. A later motion to withdraw her guilty plea was denied by the trial court. The defendant appealed, enumerating as error the trial court's overruling of her motion to withdraw the guilty plea and the trial court's failure to grant an appeal bond. The Court of Appeals reversed, holding that *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892) (1971), requires the strict application of Rule 11 of the Federal Rules of Criminal Procedure to a state criminal proceeding. Accordingly, the Court of Appeals held that questions relating to the defendant's awareness of the charge, the maximum penalty, the right to plead not guilty, to have a jury trial, and to have the assistance of counsel should have been addressed to the defendant by the trial court rather than by the district attorney. This court reverses.

The federal courts have interpreted Rule 11 to require that "the judge *personally* address the defendant" and "inform him of, and determine that he understands . . . the nature of the charge to which the plea is offered . . ." United States v. Clark, 574 F2d 1357 (5th Cir. 1978); Coody v. United States, 570 F2d 540 (5th Cir. 1978). The federal courts require nearly literal compliance with their Rule 11 procedure. It is not permissible to allow the prosecutor to perform the trial judge's task of addressing the defendant. "Allowing the prosecutor to make the required inquiries of the defendant results in the creation of an atmosphere of subtle coercion that clearly contravenes the policy behind Rule 11." United States v.

Crook, 526 F2d 708 (5th Cir. 1976). Cf. United States v. Hamilton, 568 F2d 1302 (9th Cir. 1978), which permitted the prosecutor to explain the applicable penalties to the defendant. Hamilton distinguished Crook, because in Crook the trial judge "completely . . . delegated his responsibilities." Id. at 1306. See generally United States v. King, 604 F2d 411 (5th Cir. 1979); United States v. Dayton, 604 F2d 931 (5th Cir. 1979).

In state court proceedings, however, literal compliance with Rule 11, is not mandatory. The genesis of requiring a Rule 11 type inquiry in state courts occurred in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). In Boykin, the court held that when the accused pleads guilty the record must disclose the defendant's voluntary waiver of his constitutional rights. The court would not presume a waiver, if it was not affirmatively shown on the record. Id. at 243 and n. 5. The Rule 11 procedure is designed to insure that before the defendant pleads guilty he is informed of his rights, and that he understands the action he is taking. The Rule 11 procedure also creates a record to demonstrate that the defendant "entered his plea freely and intelligently . . ." McCarthy v. United States, 394 U. S. 459 (89 SC 1166, 22 LE2d 418) (1969).

In Purvis v. Connell, 227 Ga. 764, supra, relied on by the Court of Appeals, this court stated that after Boykin "a state trial judge, in accepting a plea of guilty, . . . has the same duty in this respect that a federal trial judge has under Rule 11 of the Federal Rules of Criminal Procedure." 227 Ga. at 766-67. In Purvis, there was no record of any questions being asked the defendant concerning voluntary waiver of his rights prior to pleading guilty and, therefore, the sentences were set aside. The broad requirement that our state courts follow Rule 11 was further defined in Huff v. Barnett, 230 Ga. 446 (197 SE2d 345) (1973), and in Bailey v. Baker, 232 Ga. 84 (205 SE2d 278) (1974). Huff held it was harmless error when a trial judge failed to question the accused, where the accused was advised of her rights by defense counsel. In Bailey, the guilty plea was upheld even though the record did not show that the trial judge personally addressed the defendant. Further refinement of the

*Purvis* statement occurs in *Hill v. Hopper,* 233 Ga. 633 (212 SE2d 810) (1975), where a failure to advise the accused of the minimum-maximum punishment (as Rule 11 explicitly requires) was not a ground for reversal. Thus, in several cases this court has not required literal compliance with every aspect of Rule 11.

Of course, by making a record of the guilty plea hearing, the state will be better able to show that the plea was voluntarily and intelligently entered. Additionally, the reviewing court can determine that the rights of the accused have been protected. If the record is deficient of such evidence, the state may not be able to show voluntariness in a later habeas corpus appeal. See *Andrews v. State,* 237 Ga. 66 (226 SE2d 597) (1976), and *Roberts v. Greenway,* 233 Ga. 473 (211 SE2d 764) (1975). It is certainly good procedure "for a state judge . . . to conduct a careful inquiry into the defendant's understanding of the nature and consequences of his plea. A comprehensive on-the-record inquiry . . . 'forestalls the spin-off of collateral proceedings' . . .." Roddy v. Black, 516 F2d 1380 (6th Cir. 1975). And although not adopted by this court, Rule 11 "contains a good list of the considerations of which the trial court must be satisfied before accepting a guilty plea." 237 Ga. at 67, n. 1.

The history of Rule 11 in this state indicates that this court has not required literal compliance with its terms. The federal cases applying Rule 11, while suggestive of "good procedure," are not absolute requisites for our courts. Rule 11 "is not a rule of constitutional magnitude. [Cit.]" 233 Ga. at 634. The United States Supreme Court has also recently stated that a violation of Rule 11 is not a constitutional violation. United States v. Timmreck, —— U. S. —— (99 SC 2085, 60 LE2d 634) (1979).

The fact that here the guilty plea inquiries were addressed to the defendant by the district attorney instead of the trial court is not a ground for reversal. Accordingly, any language to the contrary in *Weathers v. State,* 149 Ga. App. 617 (255 SE2d 90) (1979), will not be followed. So long as the substantive requirements of Boykin concerning the defendant's guilty plea are met, there is no procedural requirement that the judge personally make all the inquiries provided that they are

made in his presence.
*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 21, 1980 — DECIDED FEBRUARY 26, 1980.

*William F. Lee, Jr.,* District Attorney, *Michael G. Kam,* Assistant District Attorney, for appellant.
*Arthur K. Bolton,* Attorney General, *Michael R. Johnson,* Staff Assistant Attorney General, *Lewis R. Slaton,* District Attorney, amicus curiae.
*Charles Lumpkin,* for appellee.