67434. KIRBY v. THE STATE.

SHULMAN, Presiding Judge.

Appellant entered a plea of nolo contendere to the offense of burglary on August 5, 1981. The trial court, pursuant to the provisions of the First Offender Act (OCGA § 42-8-60 et seq.) placed appellant on probation for three years. On February 15, 1983, the district attorney filed a petition seeking revocation of appellant's probation on the grounds that he had committed an armed robbery and had associated with a person of disreputable and harmful character, both violations of conditions of his probation. Following a hearing, the trial court concluded that appellant had violated the conditions of his probation and entered an adjudication of guilt on the burglary charge. See OCGA § 42-8-60. Appellant was sentenced to serve 10 years with credit given for the time served on probation.

1. Appellant contends that the trial court erroneously placed on him the burden of proving the involuntariness of his plea. At the start of the probation revocation hearing, counsel for appellant notified the court that the district attorney was unable to provide appellant with a transcript of his nolo plea. Based on the absence of the transcript, counsel for appellant moved for dismissal of the proceedings on the ground that there was no proof that the plea had been taken according to the applicable law.

"[I]t is unquestioned that a guilty plea or a nolo contendere plea must be knowingly and voluntarily made after proper advice and with a full understanding of the consequences . . ." *Davis v. State*, 151 Ga. App. 736, 737 (261 SE2d 468). Since the entry of a plea of nolo con-

tendere "constitutes a plea of guilty except that it cannot work any civil disqualification upon the defendant" (*Fortson v. Hopper*, 242 Ga. 81, 82 (247 SE2d 875)), the U. S. Supreme Court's decision in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274), requires "that there be a record of the [nolo or] guilty plea hearing adequate for the reviewing court to determine whether (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea." *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26).

After a defendant questions the validity of his plea, "the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the [nolo] plea was knowing and voluntary." *Roberts v. Greenway*, 233 Ga. 473 (1) (211 SE2d 764). Unable to use the first *Roberts* alternative, the state sought to introduce extrinsic evidence, i.e., the testimony of the attorney who represented appellant when he tendered his plea and that of the probation officer to whom appellant was assigned. The attorney was unable to recall representing appellant, and the probation officer could not remember if he had been present at the hearing. A certified copy of the probated sentence imposed on appellant was admitted into evidence. However, none of the above-summarized evidence affirmatively showed that the nolo plea was knowing and voluntary. The state having failed to carry its burden of proof, we are constrained to reverse the judgment of conviction and the sentence imposed and remand the case to the trial court with direction that appellant be arraigned as though no plea had been entered. *Stapp v. State*, 249 Ga. 289, 293 (290 SE2d 439).

2. Inasmuch as the alleged conflict of interest asserted by appellant's counsel is not likely to occur upon remand of the case to the trial court, that enumerated error will not be considered.

*Judgment reversed. Birdsong, J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED FEBRUARY 27, 1984.

*Albert C. Palmour, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Jr. David L. Whitman, Assistant District Attorneys,* for appellee.