## 70949. McDANIEL v. THE STATE.
(337 SE2d 438)

BIRDSONG, Presiding Judge.

Albert Lee McDaniel entered pleas of guilty to the offenses of armed robbery, aggravated assault, assault upon two police officers in the execution of their office and possession of a firearm during the commission of a felony. He was sentenced to serve concurrent sentences of life and twenty years followed by 25 years consecutive to the life term. McDaniel now seeks to appeal the judgment and sentence of the court contending that the trial court improperly accepted the guilty plea without satisfying itself that the pleas were knowingly, understandingly, and voluntarily entered. *Held*:

We have carefully examined the 22-page transcript reflecting the care and extent to which the trial court inquired into the entry of the guilty pleas by McDaniel. We observe that McDaniel had once before entered a plea of guilty to these same charges but had availed himself of his right to withdraw those pleas prior to the entry of sentence by the court. Thus the pleas of guilty entered in this instance were the second occasion of such pleas.

McDaniel was represented by counsel throughout the hearing. During its inquiry directly of McDaniel, the court inquired into the age, education, ability to read and write and understand the English language, and his freedom from influence of drugs at the time of the hearing, whether he was advised of the rights against self incrimination and to testimonial silence. There was an actual recitation to McDaniel by the court of each of the indictments and an inquiry into McDaniel's understanding of each. He was told of the sentence imposable for each and the power of the court to assess any punishment up to the maximum for each. McDaniel's right to legal representation including the freedom to discuss the case with the attorney and the actual successful and satisfactory discussion of the case by McDaniel with that attorney were ascertained. It was determined that the attorney had fully explained the charges and their full implication to McDaniel. The trial court questioned McDaniel's satisfaction with the services rendered by the attorney including the investigation and interview of witnesses both in and against his interest and his satisfaction with pretrial activities including the filing of motions to the extent that McDaniel considered his attorney competent and as having rendered competent services. The trial court tested McDaniel's knowledge and understanding of his right to trial by jury and all the implications (specifically enumerated by the court) of a trial by jury and the affirmative waiver of that right by McDaniel, the right of confrontation of witnesses and an affirmative waiver thereof. McDaniel was warned that a plea of guilty waived all the above rights but that even if entered and the rights waived, at any time before sentence the

plea of guilty could be withdrawn with a full restitution of the rights waived by the plea; the court then obtained an affirmative statement that McDaniel understood all that had been explained and McDaniel was extended the right to question the court concerning the meaning of any of the explanations prior to the entry of the contemplated plea of guilty and again reminded McDaniel that a plea of guilty waived all those rights. The court affirmatively ascertained from McDaniel that his proposed pleas were to be made freely, voluntarily without promises of leniency or other agreements or as the result of any coercion; that the pleas were his own desire and entered in spite of the earlier withdrawal of identical pleas. A full factual recitation of the facts giving rise to the crimes charged was made, to which McDaniel fully assented as to correctness without addition or deletion of any facts. A knowledgeable execution over McDaniel's signature and that of his attorney that the pleas of guilty were voluntarily made without benefit of any plea bargaining or promises of leniency or recommendation as to sentence by the state; an acknowledgment by McDaniel that the sentencing power would be exercised by the court and the court alone. Only after the trial court had ascertained all the above to the court's personal satisfaction were the pleas of guilty made and accepted.

This state has recognized that a showing of a substantial compliance with Rule 11 Federal Rules of Criminal Procedure reflects not only a compilation of but a satisfactory compliance with a good and acceptable list of the considerations of which the trial court must be satisfied before accepting a plea of guilty. *Andrews v. State*, 237 Ga. 66, 67, note 1 (226 SE2d 597). See also *State v. Germany*, 245 Ga. 326 (265 SE2d 13). An analysis of the requirements imposed upon a trial court by the decisions of this court and in recognition of Rule 11 of the Fed. R. Crim. P. indicates that the trial court fulfilled its obligation in this case to a point of overflowing. Moreover, its inquiry fully satisfied the checklist and dialogue contained in the Georgia Superior Courts' Criminal Benchbook, Pleas, pp. 63-66, compliance with which has been determined to satisfy an adequate record to meet the central considerations of *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274). See *Goodman v. Davis*, 249 Ga. 11 (287 SE2d 26). There is absolutely no merit in the contention that the trial court did not personally satisfy itself that McDaniel's pleas of guilty were properly entered.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 30, 1985.

*Dwight H. May*, for appellant.

*H. Lamar Cole, District Attorney, Robert D. Cullifer, Assistant District Attorney*, for appellee.