## A93A1449. PETERS v. THE STATE.
### (435 SE2d 731)

SMITH, Judge.

Following an automobile accident, Alphonso Ezihuo Peters was charged with giving a false name to a law enforcement officer, OCGA

§ 16-10-25; giving a false date of birth to a law enforcement officer, OCGA § 16-10-25; and no proof of insurance, OCGA § 40-6-10 (a) (1)-(3). Pursuant to a negotiated plea, an order of nolle prosequi was entered on the false name charge and Peters pled nolo contendere on March 13, 1991, on the other two charges. He was sentenced to 12 months probation and a fine. On January 19, 1993, while incarcerated in federal prison on unrelated charges, Peters instituted this action by filing a writ of error coram nobis, later clarified as being a motion to vacate the judgment, in which he sought to set aside his plea of nolo contendere. The trial court granted the State's motion to dismiss the action, and Peters filed this pro se appeal.

1. The gist of Peters' contention is that his plea of nolo contendere should be vacated because he was not represented by counsel at the plea hearing and he never knowingly or voluntarily waived his right to counsel. We find no merit in this enumeration.

Entry of a plea of nolo contendere " 'constitutes a plea of guilty except that it cannot work any civil disqualification upon the defendant.' [Cit.]" *Kirby v. State*, 170 Ga. App. 11, 12 (1) (316 SE2d 23) (1984). Before allowing a defendant to enter such a plea, a trial court must determine that the plea is voluntary and that the defendant understands the nature of the charges and the consequences of the plea, and knowingly waives his constitutional rights. *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26) (1982). When a defendant challenges the validity of his prior guilty or nolo plea, the State has the burden of establishing the validity of the waiver. *Bowens v. State*, 194 Ga. App. 391 (2) (390 SE2d 634) (1990). The waiver of constitutional rights in connection with a guilty or nolo plea may not be presumed from a silent record. See *Boykin v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969). The State may meet its burden either by showing on the record of the plea hearing that the defendant was cognizant of the rights he was waiving and the possible consequences of his plea, or by filling a silent record by the use of extrinsic evidence showing affirmatively that the plea was knowing and voluntary. *Wood v. State*, 190 Ga. App. 179, 180 (1) (378 SE2d 520) (1989).

Although no transcript of the plea hearing has been included, the record on appeal is not silent in this regard. It includes a document captioned "Defendant's Plea Statement," a printed form with blanks filled in and signed both by Peters and the trial judge. The document recites that the defendant was entering the plea freely and voluntarily; that he understood the nature of the charges and the consequences of his plea, including the maximum and minimum sentences possible as expressly set forth in the document; that he was aware of the expressly stated rights he was waiving, including the right to the assistance of counsel. It also recites that "the Court, *after inquiry*" (emphasis supplied) was satisfied, inter alia, that Peters understood

the nature of the charges and the consequences of the plea, and that the plea was being entered voluntarily. The document indicates that the State met its burden, and Peters has offered no evidence, other than the bare allegations in his brief, to the contrary.

Moreover, the court was not required to appoint an attorney to represent Peters in this case. Although the Sixth Amendment to the United States Constitution guarantees an indigent's right to appointed counsel in any case in which the defendant risks possible imprisonment upon a finding of guilt, *Argersinger v. Hamlin*, 407 U. S. 25, 37 (92 SC 2006, 32 LE2d 530) (1972), our Supreme Court has held that the right to appointed counsel in misdemeanor cases arises only when a defendant is actually sentenced to a term of imprisonment. *Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982). The record affirmatively discloses that Peters was not imprisoned as a result of his plea. Even if, as Peters argues, a later sentence imposed for a different offense was enhanced because of this conviction, such adverse effects do not require that his plea or the sentence in issue be vacated. Even when the probated sentence causes revocation of the defendant's probation on a prior offense, failure to appoint counsel does not constitute reversible error. *Sams v. State*, 162 Ga. App. 118, 119 (1) (290 SE2d 321) (1982).

2. Peters also contends that when he was arrested, the police failed to advise him of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) before he made statements to them. We cannot consider this contention because he has not supported his allegation by reference to the record. Our examination of the record discloses no evidence whatsoever regarding the circumstances of his arrest. Error must be shown affirmatively by the record, and not by mere recitations in a brief. *Standridge v. State*, 196 Ga. App. 697, 698 (3) (396 SE2d 804) (1990).

Even assuming Peters' allegation is true, Peters must show harm as well as error to warrant reversal. *Byrd v. State*, 182 Ga. App. 284, 285 (1) (355 SE2d 666) (1987). No harm can be shown, since no trial took place and no statements were entered into evidence. Rather, Peters agreed to a negotiated plea.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 9, 1993.

Alphonso E. Peters, *pro se.*

Gerald N. Blaney, Jr., Solicitor, Deborah M. Perlis, Richard E. Thomas, Assistant Solicitors, for appellee.