**Ray Michael PENNEY, II, Petitioner,**

v.

**James VAUGHN, Warden, Respondent.**

No. CA–93–201–1–MAC(DF).

United States District Court,
M.D. Georgia,
Macon Division.

Dec. 15, 1994.

Ray Michael Penney, II, pro se.

David Arthur Forehand, Jr., Cordele, GA, Susan V. Boleyn and Paula K. Smith, Atlanta, GA, for respondents.

FITZPATRICK, District Judge.

On May 17, 1990, authorities transported Ray Michael Penney, II, from jail to the Superior Court of Dooley County, Georgia. Upon his arrival at the courthouse and before arraignment on burglary charges Mr. Penney was approached by Chief Assistant District Attorney Denise Fachini.[1] Ms. Fachini informed Mr. Penney of his constitutional rights, including the right to counsel, and then inquired as to whether he would be interested in entering a plea of guilty in exchange for the prosecutor's recommendation of a ten year sentence. Penney agreed to plea in accordance with the offered terms.

---

**1.** Mr. Penney was not represented by counsel.

Upon accepting the prosecutor's terms Mr. Penney was escorted into the courtroom and grouped with four other defendants present on unrelated charges. The judge then conducted an *en masse* inquiry into the voluntariness of their collective pleas.[2] In accordance with section 33.8(B)(6) of the Uniform Rules of Superior Courts, the judge asked the defendants whether they understood that "*at a jury trial* you have the right to have a lawyer," and Penney's response indicated that he indeed understood. (Transcript of May 17, 1990, proceedings, at 5) (emphasis added). After completion of his examination the judge authorized the entry of Penny's guilty plea and imposed a ten year sentence.

Penny did not file a direct appeal of his sentence. However, on August 1, 1990, he filed a petition for writ of habeas corpus in the Superior Court of Chatham County, Georgia. The gist of Mr. Penney's collateral attack was that he had not been provided the assistance of counsel prior to or in connection with the entry of his plea.

Chatham County Superior Court conducted an evidentiary hearing as part of its evaluation of Mr. Penney's petition. On September 16, 1991, it denied Mr. Penney's prayer for relief. That court determined that Mr. Penney knowingly and intelligently waived the right to counsel. Penney's application for a certificate of probable cause was later denied by the Georgia Supreme Court, so he then filed a petition for federal relief pursuant to section 2254 of Title 28, United States Code.

On November 7, 1994, United States Magistrate Judge Claude W. Hicks, Jr., recommended that this court grant Penney's prayer for relief. The Magistrate Judge noted that the Sixth Amendment right to counsel is a fundamental constitutional right, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), applicable to plea hearings to the same extent as other stages of criminal proceedings. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

Primarily the Magistrate Judge's recommendation focused upon the failure of the trial court to comply with the dictates of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which require a "voluntary waiver of the constitutional right to counsel by assertion of the right to self representation." *Stano v. Dugger*, 921 F.2d 1125, 1143 (11th Cir.1991) (quoting *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938))). However, respondent Vaughn contends that *Faretta's* reach is limited by *Stano's* later holding to instances where a defendant wishes to proceed *pro se* at trial.

Support for Vaughn's position can be found throughout the *Stano* opinion:

> Under Supreme Court and binding circuit precedent, the *Faretta* inquiry is reserved for advising a defendant of the disadvantages of proceeding pro se at trial; the plea inquiry is employed for determining whether a defendant's plea is knowing, intelligent and voluntary sufficient to meet constitutional due process.

> \*     \*     \*     \*     \*     \*

> There was no need for the trial court to conduct a *Faretta* inquiry. Based upon Stano's history of pleading guilty and his actions in this case, it was and is patently apparent that he never envisioned representing himself and proceeding to trial.

*Stano*, 921 F.2d at 1149.

*Stano* was distinguished by the Magistrate Judge in a footnote wherein he noted that Penney never received the advice of counsel. The natural inference of the Magistrate Judge's observation is that Penney was never offered an adequate opportunity to consider

---

2. The judge asked questions of the group and then received individual answers in response as follows:

Q [by the Court]: All right. Do all of you understand that you are charged with serious crimes to which this Court can sentence you to serve terms of years in the state penitentiary; do all of you understand that?

| | |
|---|---|
| A [Penney]: | Yes. |
| A [Dean]: | Yes. |
| A [Atkins]: | Yes. |
| A [Tharpe]: | Yes. |
| A [Ford]: | Yes. |

(Transcript of May 17, 1990, proceedings, at 3).

whether a *pro se* appearance at any proceeding was in his best interests, and therefore one cannot know whether an otherwise-necessary *Faretta* inquiry was short-circuited.

While the Magistrate Judge accurately identified a factual distinction between *Stano* and the instant action, one should question whether this dissimilarity is pertinent. Although considerations of efficiency may favor an extension of the prophylactic effect of *Faretta* so as to negate later collateral attacks like Mr. Penney's petition, and though a sense of fairness might otherwise incline courts toward ensuring that defendants' rights are protected, *Stano's* broad holding cannot be ignored:

> The plea colloquy, provided in Rule 11.., constitutes the constitutional minimum requirements for a knowing and voluntary plea for federal courts, but that rule is not binding on state courts.... A reviewing federal court may set aside a state court guilty plea only for a failure to satisfy due process....

*Stano,* 921 F.2d at 1141 (citations omitted).

The applicability of a *Faretta* inquiry is usually not an issue in federal plea hearings because Federal Rule of Criminal Procedure 11(c)(2) requires that a federal court address a defendant personally and in open court to determine whether he or she understands that:

> if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant....

While recognizing that Rule 11's requirements do not create a constitutional mandate binding upon states, *Gaddy v. Linahan,* 780 F.2d 935, 943 n. 8 (11th Cir.1986), the Magistrate Judge nevertheless believed that all courts have a higher responsibility to defendants appearing before them at critical stages of criminal processes than that exhibited in the instant action. The Magistrate Judge further asserted that this higher judicial duty does not end simply with the accused's waiver of the right to counsel:

> To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility.... A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which the plea is tendered.

*Penney v. Vaughn,* No. 93–201–1–MAC(DF), at 9 n. 8 (filed Nov. 8, 1994). Since the record suggested to the Magistrate Judge that "the trial judge failed to perform his protecting duty as required under the Constitution," he therefore made his recommendation to this court that Mr. Penney's petition be granted. *Penney,* No. 93–201–1(DF), at 11.

█ Given explicit language within *Stano* precluding the imposition of Rule 11 upon state courts, it appears that *Faretta* cannot serve as the basis for granting Mr. Penney's petition. Notwithstanding the above, this court agrees that "the trial judge has a constitutional duty to ascertain personally and on the record *at the very least* that the defendant is aware of his right to counsel during the plea proceeding and that he has knowingly, intelligently, and voluntarily waived that right." *Penney,* at 7 n. 6 (emphasis in original).

Georgia law explicitly recognizes the duty just described by establishing state-mandated due process requirements:

> So long as the substantive requirements of *Boykin [v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] concerning the defendant's guilty plea are met, there is no procedural requirement that the judge personally make all the inquiries *provided that they are made in his presence.*

*State v. Germany,* 245 Ga. 326, 265 S.E.2d 13, 15 (1980) (emphasis added). *Boykin,* in

turn, holds that "when the accused pleads guilty the record must disclose the defendant's voluntary waiver of his constitutional rights. The court would not presume a waiver, if it was not affirmatively shown on the record." *Germany*, 265 S.E.2d at 14. Since constitutional law clearly establishes the right of defendants to have counsel present when entering criminal pleas it follows that *Germany's* mandate for all *Boykin* factors to be satisfied in the presence of the trial judge dictates a procedure whereby defendants must publicly waive their right to counsel at plea hearings.

■ Thus, although not as restrictive as federal procedures, Georgia law nevertheless mandates certain minimum due process requirements. One of Georgia's mandates is that a judge be present before a defendant may waive his or her constitutional right to be represented by counsel at a plea hearing. The state previously determined that Mr. Penney knowingly and voluntarily waived his right to counsel, but it appears undisputed that this waiver did not occur in the presence of the trial judge. Since *Germany* plainly requires that the knowing and voluntary waiver occur in the presence of the judge, it is apparent that all procedural requirements were not satisfied before accepting Mr. Penney's plea.[3]

Before appointment to the federal bench this judge practiced civil and criminal law for 20 years, primarily in the Superior Courts of Georgia, and is therefore sympathetic to the demands placed upon state judges. Superior court judges are often in an unenviable position: in a time of senseless brutal crimes they have an obligation to uphold the law fairly and impartially, and yet they must stand for election before a public without much patience for the niceties of constitutional law or the nuances of criminal procedure. It would not be much of a stretch to say they are unsung heroes of the law.

A federal court's collateral review of state court proceedings may be compared to appellate review of trial court proceedings, and it has been said that the role of an appellate court is to go onto the battlefield after the fight is over and shoot the survivors. While this court hopes that today's ruling is not so negatively perceived, we must keep in mind that "In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example." *Olmstead v. United States,* 277 U.S. 438, 485, 48 S.Ct. 564, 575, 72 L.Ed. 944 (1928) (Brandeis, J., dissenting). In situations where the government has made an error it should take any steps necessary to acknowledge and correct its mistake.

Accordingly, this order adopts and incorporates all aspects of the Magistrate Judge's recommendation other than those demanding a *Faretta* inquiry. Moreover, for reasons in addition to those stated by the Magistrate Judge, Mr. Penney's petition is hereby **GRANTED** and this action **REMANDED** to the State of Georgia for further action not inconsistent with today's ruling.

SO ORDERED.

---

**3.** In making today's ruling the court accepts all findings of fact derived from state proceedings.