A95A1424. HOLLAND v. THE STATE.
(463 SE2d 169)

McMURRAY, Presiding Judge.

This appeal followed entry of judgment of conviction and sentence on defendant's guilty plea for possession of cocaine in violation of Georgia's Controlled Substances Act. In his sole enumeration of error, defendant contends his guilty plea was not freely and voluntarily entered. *Held*:

"Where voluntariness of a guilty plea is challenged, there must be 'a record of the guilty plea hearing adequate for the reviewing court to determine whether (1) the defendant has freely and voluntarily en-

---

tered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.' *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26) (1982) (interpreting *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969))." *Green v. State*, 265 Ga. 263 (1) (454 SE2d 466).

The transcript of the plea hearing in the case sub judice reveals that the trial court advised defendant of the crime charged and asked defendant whether he had discussed the charge with his attorney and whether defendant understood the nature of the charge. Defendant replied affirmatively to both questions. The trial court then instructed the State's attorney to explain the factual basis of the charge against defendant. The State's attorney complied, stating that law enforcement officers caught defendant (while executing a search warrant) in actual possession of cocaine. The trial court then advised defendant of his right to enter a plea of guilty or not guilty for possession of this cocaine, and defendant acknowledged this right. Next, the trial court enumerated and explained in detail the rights defendant would be giving up if he pled guilty and the other consequences of such a plea, carefully inquiring into whether defendant understood the consequences set forth. Defendant indicated that he understood this advice. The trial court advised defendant that he could be sentenced up to 30 years in prison; that he (the trial court) had conferred with defense counsel and the State's attorney about defendant's case and that they had discussed a possible sentence in the event defendant decided to enter a plea of guilty. Defendant responded that he understood these circumstances and indicated that he understood the terms of the guilty plea that had been negotiated on his behalf, i.e., the State would recommend that defendant serve 15 years in confinement, concurrent with any time he was presently serving. And after inquiry by the trial court, defendant acknowledged that the court was not required to accept the State's sentencing recommendation and could even impose a lesser or greater sentence than that suggested by the State. The trial court then asked defendant whether any person had coerced him (including members of defendant's family) into entering a guilty plea and whether defendant was under the influence of any sort of drugs, medicines or intoxicants. Defendant responded negatively and then made inquiry about the disposition of charges against two co-defendants. The trial court responded (apparently to defendant's satisfaction) and asked defendant whether he wished to plead guilty or not guilty. Defendant declared that he wished to plead guilty to the crime charged. But the trial court questioned: "Are you pleading guilty freely and voluntarily? [DEFENDANT:] Freely. [THE COURT:] And voluntarily? [DEFENDANT:] Right." The trial court then turned to defendant's court-appointed attorney and asked whether he had fully consulted with defendant and whether (in de-

fense counsel's view) there was any reason for defendant not to enter a guilty plea or for the trial court not to accept such a plea. Defense counsel responded negatively, and defendant affirmed that he was satisfied with the manner in which defense counsel had handled his case. The trial court then accepted defendant's guilty plea, finding that defendant had freely and voluntarily entered the plea with an understanding of the nature of the charge against him and an understanding of the consequences thereof. We affirm.

The trial court adequately resolved on the record that defendant fully understood his statutory and constitutional rights, entered his guilty plea voluntarily and with an understanding of the nature of the charge and the consequences of the plea.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 17, 1995.

*Ronald W. Horton, Emmett J. Arnold IV,* for appellant.
*Robert E. Keller, District Attorney, Deborah N. Maron, Assistant District Attorney,* for appellee.