## 29149. HILL v. HOPPER.

HALL, Justice.

Hill, currently incarcerated in the Georgia State Prison pursuant to three convictions, appeals the denial of his pro se habeas corpus petition by the Tattnall County Superior Court. The petition attacked a robbery conviction entered on Hill's guilty plea in 1970, and the petition and his oral testimony at the hearing held thereon alleged that his confinement is illegal because (1) he pled guilty to a capital crime without indictment by a grand jury; (2) the state never actually proved him guilty; (3) he was not allowed to have an attorney advise him prior to entering the pleas; (4) he was not allowed to subpoena witnesses in his own behalf; and (5) the indictment was in some manner faulty. At the hearing he orally added claims that (6) he did not have a preliminary hearing, and (7) he was not placed in a line-up.

The Tattnall court, by opinion in which we find no error, ruled Hill's claims non-meritorious. On appeal to this court, Hill added for the first time a one-sentence

claim that he was not informed of the maximum possible sentence he might receive upon a guilty plea. His testimony at the hearing was in summary that he never entered a plea at all but was the victim of a scheme whereby he sat in the back of the courtroom for a time and then was taken away to prison, learning later that a guilty plea had been entered and he had been sentenced. The habeas court found a plea voluntarily entered, but, of course, did not have this latest allegation before it.

Hill was represented by appointed counsel at the time the plea was entered. He has at no time claimed that the state made and breached any sort of plea bargain with him, nor has he alleged that the possible sentence was affirmatively misrepresented. The claim is merely that the possible range of punishment was never recited to him.

This court has never held, and declines to hold today, that a defendant's otherwise voluntary guilty plea is invalidated merely because the range of punishment on the plea was never recited to him, when he makes no claim that he was disadvantaged by the omission or even that he was in fact unaware of the possible sentence which could be imposed. We note that prior to entering the guilty plea to the instant robbery charge in November, 1970, Hill had the month before, in October, 1970, entered pleas of guilty on two separate occasions to two separate armed robbery charges. Additionally, his trial attorney's testimony, by deposition, was that Hill was clearly and admittedly guilty, and that the evidence against him was strong. Consequently, even assuming that Hill's claim is true, that no one advised him of the range of sentences, the same affords no grounds for concluding that his plea was other than voluntary in the circumstances.

Rule 11 of the Federal Rules of Criminal Procedure, under the auspices of which the federal courts routinely require that length of possible sentence advice be given before a guilty plea is taken, is not a rule of constitutional magnitude. Walker v. Caldwell, 335 FSupp. 308 (M. D. Ga. 1971).

The court did not err in remanding Hill to custody.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED AUGUST 23, 1974 — DECIDED FEBRUARY 5, 1975.

Johnny Hill, *pro se.*

Arthur K. Bolton, *Attorney General,* John B. Ballard, Jr., *Assistant Attorney General,* for appellee.