## 30569. NIX v. THE STATE.

HALL, Justice.

This is an appeal from the denial of the relief sought by Nix in a habeas corpus petition attacking his 1969 guilty plea to the felony of bribery. Though at the time of filing the petition Nix had completed service of the sentence, this court in *Nix v. State,* 233 Ga. 73 (209 SE2d 597) (1974) ordered the habeas court to entertain the petition on the merits. Subsequently, the habeas court (Fulton County Superior Court) afforded Nix a hearing on his petition, at which he was represented by two attorneys. Following the hearing the court denied relief in

the order appealed from. We agreed to hear this appeal under the 1975 Amendment to the Habeas Corpus Act. Nix asserts basically that his guilty plea was not voluntarily and intelligently entered, and that his retained counsel at the time of that plea (who had represented him on a previous occasion involving three other charges) did not give him effective representation.

1. There is no merit in the allegation that the habeas court erred in failing to recuse himself at Nix's request because he was the judge before whom the guilty plea was entered. Nix wrote a letter to the court informally asking him to recuse himself, and saying that a formal motion would follow a refusal. The record contains no such motion, though Nix, in his voluminous papers and exhibits in the record, asserts variously that such a motion was filed on March 20, March 28, and March 30, 1975.

We find no error in the court's refusal to recuse himself. The two grounds asserted as a basis for disqualification were that the court was required to use its own recollections of the entry of the guilty plea, and that the court was biased against one of Nix's witnesses because a member of the court's family allegedly lost money in an undescribed business deal with this witness.

Neither of these asserted disqualifications is legally disqualifying under the Code of Judicial Conduct (see 231 Ga. page A-1) which in *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568) (1975) we held controlling on judicial disqualification. Moreover, at the time these motions were "filed" by Nix by mail from prison, he was represented by counsel to whom he sent a copy of the alleged motion. The record reflects no attempt by counsel to file such a motion nor to secure a ruling on any formal or informal motion to recuse, though the actual hearing did not take place until a month after Nix's communication. We conclude that there was no formal motion; and to the extent that any such informal motion was before the court as a result of Nix's initial letter to the judge, the same was waived by counsel's subsequent decision to proceed before this judge without objection.

Answering Nix's additional allegations, Nix's attorney did not wish to call the court as a witness, and

that was why the trial court's "recollections . . . were never subjected to cross-examination" as Nix complains. Any problem inherent in one man's being both witness and judge was therefore not presented here.

To the extent to which Nix claims that the trial court made allegedly misleading out-of-court statements to his habeas attorney to discourage the attorney from calling the court as a witness, the claim is non-meritorious. The court, like any other witness, was first interviewed by the attorney as indicated by the attorney's affidavit, advanced by Nix. The attorney, on the basis of that interview, decided not to call the court because his testimony would not be helpful. Nix has nothing of which to complain. If the attorney had doubted the court's veracity, he could have cited him as a witness, put him under oath, and proceeded from there. In that event, of course, a different question would be presented on a motion to recuse.

2. Nix claims that the absence of certain witnesses whom he desired to have subpoenaed for the habeas hearing, including himself, deprived him of his rights to confrontation and to assist in his own case. The claim is without merit. Nothing in the record shows that his attorney even placed Pat H. Kerr or Kirksey Nix, Sr. (apparently, Nix's mother and father) under subpoena; no continuance nor other relief was asked for the failure of the subpoenaed John Ransom to appear; and a request voiced early in the hearing for the presence of Nix, who would have to be obtained from the custody of the State of Louisiana where he was incarcerated, was subsequently impliedly waived when his attorneys decided not to request a continuance but to proceed without him with certain of his previously written statements introduced into the record as his version of the facts.

The initiative concerning whom to subpoena and how to enforce the witness' presence, if it be possible, rests on counsel and not on the court. Code Ann. §§ 38-801, 38-802. We find, infra, that Nix was represented by competent counsel. Counsel having elected to proceed without these witnesses, this claim is without merit.

3. As his third error Nix claims that the hearing was not conducted with procedural fairness because he and certain desired witnesses were not present, and he

challenges 14 findings of fact by the habeas court. As his fourth enumeration, he challenges the court's legal conclusions that at the time of entering his plea he received the effective assistance of counsel (his attorney was retained), and that his plea to the felony of bribing an officer was voluntarily, knowingly, and intelligently entered. His fifth enumeration objects to the court's order denying relief.

At the hearing, Nix was represented by an appointed Georgia attorney and by another attorney from Oklahoma. What has been said earlier refutes the claim that the absence of Nix and certain witnesses he desired rendered the hearing lacking in fundamental fairness.

Nix's guilty plea was entered prior to Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), and therefore without question it was proper for the habeas court to examine the entire record to determine the voluntariness of the plea. *Bailey v. Baker,* 232 Ga. 84, 87 (205 SE2d 278) (1974). Our re-examination of that record shows that the evidence supported the habeas court's findings of fact including, among others, that the transcript was in error in reciting an indictment number, but that the plea was correctly and deliberately entered to the felony charge of bribery. Nix claims that he thought he was entering a plea to a misdemeanor. He was charged with no misdemeanors but with three felonies; and although his attorney testified that in his discussions with Nix he never characterized the charge to which it was decided to plead guilty as either a misdemeanor or felony, he testified that the plea bargain arrangement "we" reached with the prosecutor was for a recommended sentence of two years and for a nolle prosequi on two of the charges, and for 60 days' retention in Fulton County, and the bargain was expressly carried out and that sentence imposed. Nix signed the entry of the guilty plea on the back of the indictment about one and one half inches below the word "FELONY." Under the facts, there was no foundation for Nix's claimed belief that he was pleading guilty to a misdemeanor and the habeas court did not err in disbelieving him. Nix further claims that no one recited to him the possible minimum and maximum sentences which could be imposed. Because the plea bargain

arrangement was expressly adhered to, such an omission, if it occurred, would not invalidate this plea. *Hill v. Hopper,* 233 Ga. 633, 634 (212 SE2d 810) (1975). Nix's attorney's testimony and the prosecutor's testimony expressly refuted Nix's claim that he was coerced into pleading guilty (allegedly with his own counsel's connivance) by the prosecution's refusal to release his confiscated $10,000 automobile unless he did so. Finally, on the record made the habeas court did not err in concluding that Nix's attorney at the entry of the plea rendered effective assistance of counsel within the requirement of *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974).

Accordingly, the third, fourth and fifth enumerations are without merit.

4. Enumerations 6 and 7 are without merit raising only issues which have been determined above to be non-meritorious.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

SUBMITTED DECEMBER 3, 1975 — DECIDED JANUARY 27, 1976.

Kirksey M. Nix, Jr., *pro se.*

*Lewis R. Slaton, District Attorney, Carter Goode, Assistant District Attorney,* for appellee.