## 54264. JAMISON v. THE STATE.

DEEN, Presiding Judge.

Defendant entered a guilty plea to driving under the influence.

Defendant's sole enumeration of error complains that the trial judge erred in refusing to allow him to withdraw his guilty plea after he was sentenced because he alleged that his guilty plea was not freely, voluntarily and understandingly given. This enumeration is without merit.

A motion to withdraw a plea made at the same term of court after sentence is pronounced is within the sound legal discretion of the trial judge. *Strickland v. State,* 199 Ga. 792 (35 SE2d 463). Defendant pled guilty at the December term of the State Court of Habersham County which commenced the third Monday in December. Ga. L. 1941, p. 651. His motion was filed during the January term of court and was not timely.

It is a long standing principle of law that ". . . this court will reverse the finding of the trial judge if it is based on an erroneous finding of law [but] it will not control his findings of fact upon conflicting evidence. *Jackson v. State,* 99 Ga. 209 (25 SE 177)." *McCrary v. State,* 215 Ga.

887, 889 (114 SE2d 133). Defendant's claim that he was induced to plead guilty because one of the arresting officers promised him that the judge would accept a nolo plea and levy a $200 fine conflicts with the deputy's testimony that he merely speculated what the judge would do if defendant entered a guilty plea, and that he would tell the judge that it was agreeable with him if the judge granted a nolo. The trial judge's findings of fact will not be disturbed.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1977 — DECIDED
SEPTEMBER 30, 1977.

*Douglas W. McDonald,* for appellant.
*Linton K. Crawford, Solicitor,* for appellee.