## 56082. WEBSTER v. THE STATE.

SHULMAN, Judge.

Appellant was indicted for three counts of aggravated assault. At trial, he entered a plea of guilty to each count. After sentence was pronounced, appellant

withdrew his guilty plea but, after consulting with counsel and family, reinstated his pleas of guilty. A little less than one month later, appellant filed a motion to withdraw his pleas. This appeal is from the denial of his motion.

1. Appellant's first two enumerations of error complain that because the pleas had been changed so often that appellant was obviously confused, the trial court should not have accepted his guilty pleas, and that the judge who heard the motion to withdraw the pleas erred in denying the motion.

Those contentions are refuted by the record. The evidence at the hearing, including the transcript of the guilty plea hearing, fully authorized the finding that appellant's guilty pleas were knowingly and voluntarily made. The state met the burden set forth in *Harrell v. State,* 145 Ga. App. 93 (243 SE2d 611). There was no error in denying appellant's motion to withdraw the pleas. *Jamison v. State,* 143 Ga. App. 367 (238 SE2d 742).

2. Appellant urges that the trial judge erred in becoming unduly emotional, shouting at appellant and accusing him of crimes with which he was not charged. However, the record shows that the trial judge did not accuse appellant of any crimes; he merely remarked that, from the evidence presented, a case had been made for mayhem, kidnapping and aggravated battery. Appellant has not shown how the judge's statements were injurious to him. We see no cause for reversal.

3. Appellant claims the trial court erred in sentencing him while the court was under the misapprehension that aggravated assault carries a maximum sentence of 20 years (see Code Ann. § 26-1305), but that since the charge was only aggravated assault, that was the only crime for which appellant would be sentenced. The court had previously informed appellant that each of the charges against him had a maximum sentence of 10 years. See Code Ann. § 26-1302. This enumeration of error is patently without merit.

4. Appellant contends that he was never given a preliminary hearing nor advised of the nature of the charges against him or of his constitutional rights.

As to the question of a preliminary hearing, we quote

from *State v. Middlebrooks,* 236 Ga. 52, 55 (222 SE2d 343): "[A] preliminary hearing is not a required step in a felony prosecution and . . . once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing. Finally, in no event will we overturn a conviction on direct appeal or on collateral attack because a commitment hearing was denied appellant."

Appellant's other contention must fail in the face of the record. Appellant's signature appears on the indictment. Prior to the receipt of appellant's pleas, the state made out a prima facie case. During questioning by the court prior to its acceptance of his guilty pleas, appellant swore that he understood the charges and knew what his rights were. To allege that appellant sat through those proceedings without coming to an understanding of the charges and of his rights is incredible. The record amply supports the trial court's acceptance of appellant's guilty pleas, and we have been shown no reason to reverse that court's judgment.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JUNE 26, 1978 — DECIDED SEPTEMBER 28, 1978.

*Ralph U. Bacon,* for appellant.
*Dupont K. Cheney, District Attorney, Thomas Michael Taff, Assistant District Attorney,* for appellee.