## 35194. JEFFARES v. DEFRANCIS.

UNDERCOFLER, Presiding Justice.

Robert Wayne Jeffares pleaded guilty to robbery by snatching and was sentenced to "seven (7) years to run concurrent with time now serving and a recommendation that this time be served at Rome Restitution Center, to be computed according to law." At the time, Jeffares was also to serve a probated sentence at the Rome center. It later developed that the seven year sentence could not be served at the restitution center because it was not probated. Jeffares made a motion to correct the sentence in the trial court, which was denied on the basis that a straight time sentence had been intended, and not probation. He then filed this habeas corpus action claiming his guilty plea, made under the mistaken impression he could serve at the Rome center, was not voluntary. The habeas court denied relief. We affirm.

It is clear that Jeffares pleaded guilty with full understanding and knowledge of the consequences. The trial court stated at the time he was sentenced that the recommendations of the district attorney were not binding on it, and what the maximum sentence could be. From the defendant's attorney's testimony at the habeas hearing, both the court and district attorney were skeptical that an unprobated sentence could be served at the Rome center. However, at the insistence of the defendant and his attorney the recommendation was added to his seven year penitentiary sentence. This good

faith mistake of fact by Jeffares and his attorney does not render his guilty plea involuntary. See Schofield v. United States, 441 F2d 1219 (7th Cir., 1971). A defendant's subjective hopes and unfulfilled desires, not induced by the court or state, are not good grounds for attacking the resulting plea and sentence. United States v. McIntosh, 566 F2d 949 (5th Cir., 1978); United States v. Maggio, 514 F2d 80 (5th Cir., 1975); United States v. Mancusi, 429 F2d 104 (2nd Cir., 1970). The habeas court correctly denied Jeffares petition for habeas relief.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 27, 1979 — DECIDED SEPTEMBER 7, 1979.

*Thomas J. Killeen,* for appellant.

Robert Wayne Jeffares, *pro se.*

*Arthur K. Bolton, Attorney General, W. Davis Hewitt, Staff Assistant Attorney General,* for appellee.

*Michael D. Anderson, Assistant District Attorney,* amicus curiae.