## 58513. DAVIS v. THE STATE.

DEEN, Chief Judge.

Davis brings this appeal from the denial of his motion to set aside his plea of nolo contendere to the offense of possession of a machine gun. He contends that his plea was not freely, knowingly and voluntarily entered when it was tendered and that he was misinformed as to the direct consequences of his plea which has resulted in a federal indictment. *Held:*

As there is no transcript of the entry of his plea, the trial court held a hearing on the motion and entered an order denying it holding that Davis was not misinformed as to the direct consequences of his plea, that he was represented by counsel, and that he was not induced to plead by promises made to him by the court or his counsel.

An accused may withdraw a guilty plea at any time before judgment is announced and plead not guilty. However, once sentence is pronounced, a withdrawal of a plea is within the sound discretion of the court and this discretion will not be disturbed unless there is a manifest abuse of discretion. *Jamison v. State,* 143 Ga. App. 367 (238 SE2d 742) (1977). Adverse unanticipated collateral consequences are not valid reasons for reversing the trial

court's refusal to withdraw a plea. Meaton v. United States, 328 F2d 379 (5th Cir. 1964). "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." Brady v. United States, 397 U. S. 742, 757 (90 SC 1463, 25 LE2d 747) (1970).

While it is unquestioned that a guilty plea or a nolo contendere plea must be knowingly and voluntarily made after proper advice and with a full understanding of the consequences, the trial court is not required to inform a defendant of all the possible collateral consequences of his plea including those at the hands of a different sovereign. See United States v. Cariola, 323 F2d 180 (3d Cir. 1963). Appellant's argument that he should be allowed to withdraw his plea because of the erroneous advice of his counsel must also fail. A person cannot avoid the legal consequences of his acts even if based on good faith reliance on the advice of counsel. United States v. Powell, 513 F2d 1249 (1975) cert. den. 96 SC 99.

We have examined the record and the evidence and find that the trial judge did not abuse his discretion in denying appellant's motion to withdraw his plea and did not err in finding that appellant voluntarily and intelligently entered his plea after counsel advised him of the consequences of such a plea.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED OCTOBER 12, 1979.

*Bobby Lee Cook, James S. Garner, III, Larry J. Barkley,* for appellant.

*F. Larry Salmon, District Attorney,* for appellee.