158 Ga. App. 698 (1981)
282 S.E.2d 176
KIGHT
v.
THE STATE.
61664.
Court of Appeals of Georgia.
Decided May 29, 1981.
*700 James P. Brown, Jr., for appellant.
E. Byron Smith, District Attorney, Tommy Floyd, W. Hal Craig, Assistant District Attorneys, for appellee.
BIRDSONG, Judge.
Withdrawal of guilty plea. Billy Kight appeared before a superior court on February 6, 1980 with an appointed attorney and attempted to enter a plea of guilty to the offense of burglary. He was aware that the trial court would probably sentence him to serve a term of ten years. In the guilty plea procedure the appellant denied being present at the scene of the burglary (apparently committed by appellant's brother and another) but admitted taking possession of some or all of the stolen equipment. The trial court refused to accept the plea of guilty but remarked that apparently Kight was guilty of theft by receiving stolen property. The record reflects that Kight's counsel then discussed with Kight a second guilty plea to the offense of theft by receiving stolen property, prepared a request to enter such a plea and resubmitted it to the trial court. In the ensuing guilty plea procedure held also on February 6, 1980 together with the evidence submitted at the hearing on the motion to withdraw the guilty plea in September, 1980, we are able to discern the following pertinent information relating to Kight's understanding of the meaning and effect of his plea of guilty to theft by receiving stolen property.
The decision to enter the plea was solely that of Kight. Kight was asked by the trial court if he (Kight) came into possession of property that he knew had been stolen. Kight answered that he did not know from where it had been stolen but figured it had been stolen. Kight admitted to the trial court that his appointed attorney had discussed a guilty plea in detail. Kight also stated that he had previously been involved in several other guilty pleas in other courts and other crimes and was familiar with the criminal process involved. Kight acknowledged to the trial court that he knew he had a right to plead not guilty and to have a trial by jury. He acknowledged also that he had a right to face his accusers and present evidence in his own behalf but that these rights would be waived by the entry of a guilty plea. Kight admitted that no one had promised him anything to plead guilty nor had anyone coerced him so to plead. Counsel stated that he had come prepared to proceed against a burglary charge. He had *699 informed Kight that one of the burglars was present in court, was prepared to testify against Kight, and that in view of that testimony and Kight's past record, the attorney felt conviction and the maximum sentence was probably inevitable. Kight apparently translated that into a lack of desire to present a defense. Both the trial court and Kight's counsel informed Kight that the sentence was ten years, and Kight admitted that he was aware that ten years was the maximum, and that a ten-year sentence would be imposed. Kight now seeks to set the guilty plea aside and proceed on a not guilty plea. The trial court denied the motion and Kight brings this appeal enumerating that denial as the sole error. Held:
An accused may withdraw a guilty plea at any time before judgment is announced and may then plead not guilty. However, once sentence is pronounced (as occurred in this case), a withdrawal of a plea is within the sound discretion of the court, and this discretion will not be disturbed unless there is a manifest abuse of discretion. Jamison v. State, 143 Ga. App. 367 (238 SE2d 742). The rule that a plea must be intelligently made to be valid does not suggest that a plea is vulnerable to later attack if the accused did not correctly assess every relevant factor entering into his decision. Brady v. United States, 397 U. S. 742, 757 (90 SC 1463, 25 LE2d 747).
We do not dispute that a guilty plea must be knowingly and voluntarily made after proper advice and with a full understanding of the consequences; still, the trial court was not obligated to accept or believe Kight's only real contention, i.e., that his counsel did not really want to present any defense, and because of that lack of interest Kight saw no real alternative other than to enter a plea of guilty. The court's inquiry disclosed that Kight was advised of the probable adverse consequences and of his own volition and with full understanding elected to enter the guilty plea. The trial court was not required to accept the contrary statement (that the plea really was not voluntary) made at the hearing on the motion. Barksdale v. Ricketts, 233 Ga. 60, 61 (209 SE2d 631). The trial court was warranted by the evidence at the two hearings to find that Kight's attorney effectively represented him and that the plea was providently entered notwithstanding the fact that the attorney only conferred with Kight for several minutes prior to the decision to plead guilty. O'Neal v. Smith, 431 F2d 646 (5th Cir. 1970); Crump v. State, 154 Ga. App. 359, 360 (268 SE2d 411).
Judgment affirmed. Shulman, P. J., and Sognier, J., concur.