### 64062. COLLINS v. THE STATE.

CARLEY, Judge.

On May 9, 1980, appellant entered a plea of guilty to a charge of armed robbery and was sentenced to ten years. On August 8, 1980, within the same term of court, appellant filed a motion to withdraw his guilty plea. After a hearing on the motion, the trial court refused to allow appellant to withdraw his plea and appellant appeals.

"An accused may withdraw a guilty plea at any time before judgment is announced and may then plead not guilty. However, once sentence is pronounced (as occurred in this case), a withdrawal of a plea is within the sound discretion of the court, and this discretion will not be disturbed unless there is a manifest abuse of discretion. [Cit.]" *Kight v. State,* 158 Ga. App. 698, 699 (282 SE2d 176) (1981). " '[A]fter a prisoner raises the question of the validity of his plea of guilty, the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.' [Cit.]" *Conlogue v. State,* 243 Ga. 141 (2) (253 SE2d 168) (1979).

"The evidence at the hearing, including the transcript of the guilty plea hearing, fully authorized the finding that appellant's guilty [plea was] knowingly and voluntarily made. The state met [its] burden. . .There was no error in denying appellant's motion to withdraw the [plea]. [Cit.]" *Webster v. State,* 147 Ga. App. 322, 323 (1) (248 SE2d 697) (1978). On the record before us "the trial court hearing the motion to withdraw the guilty [plea] was authorized to find, despite assertions to the contrary, that appellant's [plea was] freely and voluntarily given, uninfluenced by any promises. . . The

evidence in the instant case amply supports a finding that appellant's [plea] of guilty [was] knowingly and voluntarily made, contrary to any assertions made subsequent to the pronouncement of sentence. There was no abuse of discretion in denying appellant's motion to withdraw [his plea]. [Cit.]" *Crump v. State,* 154 Ga. App. 359, 360 (268 SE2d 411) (1980).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 9, 1982.

*Guerry R. Thornton, Jr.,* for appellant.

*Dupont Cheney, District Attorney, C. Paul Rose, Assistant District Attorney,* for appellee.