## 66030. HARRIS v. THE STATE.

SHULMAN, Chief Judge.

Appellant entered pleas of guilty to three counts of burglary and one count of sodomy. He now contends that the trial court erroneously accepted his guilty pleas and denied his motion to withdraw those pleas.

1. Before accepting a plea of guilty, the trial court has a duty to ascertain that the plea is made voluntarily and intelligently. *Minchey v. State,* 155 Ga. App. 632 (1) (271 SE2d 885). While "Rule 11 of the Federal Rules of Criminal Procedure, 18 USCA 11 (1975), contains a good list of the considerations of which the trial court must be satisfied before accepting a guilty plea," (*Andrews v. State,* 237 Ga. 66, 67 (fn. 1) (226 SE2d 597)), literal compliance with Rule 11 is not

mandatory. *State v. Germany,* 245 Ga. 326, 328 (265 SE2d 13). The transcript of the guilty plea proceeding shows that the trial court adequately informed appellant that, among other things, a guilty plea resulted in a waiver of the right to a jury trial and the right against self-incrimination, and that the appellant understood the consequences of his pleas.

2. Appellant argues that the trial court should not have accepted his guilty pleas without inquiring into any plea arrangement between the defendant and the district attorney. The transcript shows that the trial court ascertained that no deal had been struck; therefore, it was not necessary to inquire further about plea arrangements.

3. Appellant next contends that there was no inquiry into the factual basis of his guilty pleas and they were, therefore, erroneously accepted. See *Purvis v. Connell,* 227 Ga. 764, 767 (182 SE2d 892). At the guilty plea hearing, the trial court was reminded that, during a probation revocation hearing on the previous day, it had heard the testimony of appellant's victims and of the investigating officers.

We do not find it necessary that a trial court affirmatively *state* on the record that it is satisfied that a factual basis for a defendant's guilty plea exists when there is evidence that the trial court is aware of the factual basis. In the present case, at the hearing on the motion to withdraw the guilty pleas, the extent of the trial court's knowledge of the factual basis of appellant's pleas was evident when the court read from its extensive and detailed handwritten notes which it had taken during the probation revocation hearing. Inasmuch as the establishment on the record of the factual basis of the guilty pleas is not required in this state (see *Ford v. State,* 248 Ga. 241 (2) (282 SE2d 308)), and we have held that the trial court need not *state* that it is satisfied that a factual basis for the guilty plea exists, there was no error in accepting appellant's pleas of guilty.

4. The remainder of appellant's enumerated errors concern the denial of his motion to withdraw his guilty pleas. "After the pronouncement of a sentence a ruling on a motion to withdraw a guilty plea is within the sound discretion of the trial court. This discretion will not be disturbed on appeal unless manifestly abused." *Crump v. State,* 154 Ga. App. 359, 360 (268 SE2d 411). The evidence adduced at the motion hearing fully supports a finding that appellant's pleas were knowingly and voluntarily made.

5. Appellant takes issue with the fact that the trial court read into the record of the motion hearing the factual basis for appellant's guilty pleas, allegedly in an attempt to cure the defective record of the guilty plea proceedings. However, as we previously noted in Division 3 of this opinion, the establishment on the record of the factual basis

for a guilty plea is not necessary. Thus, there was no defective record to cure, and the trial court's action served only to clarify the situation.

6. In his final enumerated error, appellant maintains that his guilty pleas should not have been accepted since there was uncontroverted evidence that he was not afforded the opportunity to plea bargain. Appellant admits he is without authority for his position, and we are in agreement with him in that regard. There is no constitutional right to plea bargain and there is no necessity for a trial court to insure that a defendant who wishes to plead guilty has had the opportunity to plea bargain.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 27, 1983.

*Randy S. Jones,* for appellant.
*John R. Parks, District Attorney, R. Rucker Smith, Barbara Anne B. Kessler, Assistant District Attorneys,* for appellee.

