## 69424. SMITH v. THE STATE.
(329 SE2d 507)

CARLEY, Judge.

Accusations were filed which charged appellant with ten counts of distributing obscene materials in violation of OCGA § 16-12-80. Thereafter, a hearing was held on appellant's offer to enter pleas of guilty. Appellant was represented by counsel at that hearing. Following the procedure established in *State v. Germany,* 246 Ga. 455, 456 (271 SE2d 851) (1980), the trial court determined that a plea bargain existed and required the disclosure of its terms. After the trial court conducted further questioning to determine whether the pleas were being intelligently and voluntarily entered, they were accepted. The sentences of incarceration which were then pronounced were, as to their overall length, in accordance with the plea bargain agreement. However, because the crimes to which appellant had pled guilty were misdemeanors of a high and aggravated nature, see OCGA § 16-12-80 (f), the subsequent written sentences were expressly entered pursuant to OCGA § 17-10-4, rather than OCGA § 17-10-3, the general sentencing provision for ordinary misdemeanors.

Some weeks later, appellant retained new counsel and filed a motion to withdraw his guilty pleas. The premise of the motion was that, at the time the pleas were offered, appellant had been unaware that

OCGA § 17-10-4 rather than OCGA § 17-10-3 would be the controlling sentencing provision. According to appellant's motion, there were important distinctions between the two sentencing provisions: OCGA § 17-10-4 contains no provision analogous to OCGA § 17-10-3 (a) (2), regarding confinement under the jurisdiction of the Board of Offender Rehabilitation, but instead mandates confinement in a county facility; and, OCGA § 17-10-3 contains no provision analogous to OCGA § 17-10-4 (b), which limits the "earned time allowance" to only four days per month. Appellant's assertion was that, with regard to his eligibility for parole, these statutory distinctions rendered a sentence of incarceration entered pursuant to OCGA § 17-10-4 less desirable than the same sentence imposed under the provisions of OCGA § 17-10-3. Had he been aware of these adverse parole consequences of being sentenced under OCGA § 17-10-4, appellant contended that he would not have entered the guilty pleas. A hearing was held and the trial court denied appellant's motion to withdraw the pleas. Appellant appeals.

"Before accepting a plea of guilty, the trial court has a duty to ascertain that the plea is made voluntarily and intelligently. [Cit.]" *Harris v. State*, 167 Ga. App. 153 (1) (306 SE2d 79) (1983). Appellant relies upon *Moody v. United States*, 469 F2d 705, 708 (8th Cir. 1972) as authority for the proposition that this duty imposed upon the trial court was not met in the instant case: "[T]he failure to be advised of ineligibility for parole constitutes a 'consequence' of a guilty plea, rendering that plea involuntary under Rule 11, Fed. R. Crim. P." "Rule 11 of the Federal Rules of Criminal Procedure, under the auspices of which the federal courts routinely require that length of possible sentence advice be given before a guilty plea is taken, is not a rule of constitutional magnitude. [Cit.]" *Hill v. Hopper*, 233 Ga. 633, 634 (212 SE2d 810) (1975). "The federal cases applying Rule 11, while suggestive of 'good procedure,' are not absolute requisites for our courts . . . . The United States Supreme Court has . . . stated that a violation of Rule 11 is not a constitutional violation. [Cit.]" *State v. Germany*, 245 Ga. 326, 328 (265 SE2d 13) (1980). The issue in the instant case is not whether appellant's guilty pleas were accepted in conformity with the rules of criminal procedure applicable in federal court. It is whether the pleas were accepted in violation of the applicable provisions of the Constitution of the United States, or of the Constitution of this State, or of state law. Accordingly, appellant's reliance upon Moody as controlling or even applicable authority is misplaced.

Insofar as constitutional provisions are concerned, there is no "requirement that a defendant be advised of the length of his sentence before a court accepts his guilty plea. [Cits.]" *Waye v. State*, 239 Ga. 871, 876 (238 SE2d 923) (1977). All that state law requires of a trial court is that where, as in the instant case, there has been an

agreement to enter a guilty plea in exchange for a recommended sentence, the procedure established in *State v. Germany*, supra, be followed. There was compliance with the *Germany* procedure here, and insofar as the *maximum* extent of possible incarceration is concerned, the sentences imposed were in total conformity with the agreement. The contention that a guilty plea may nonetheless be recanted if the defendant has not, in effect, been further advised of the *minimum* length of time that he may actually be required to serve on the negotiated sentence would necessitate an unwarranted and illogical extension of the procedural requirements of *State v. Germany*, supra. Fundamental fairness requires that defendant be informed that he will *not* receive the anticipated sentence that he has bargained for in exchange for his plea of guilty and to be advised of the unanticipated and possibly adverse consequences that the rejection may have on his possible sentence if the guilty plea is not then withdrawn. Where, however, a guilty plea *is* accepted pursuant to a plea bargain, the defendant is entitled to be assured *only* that he will receive the very sentence for which he has bargained. From the defendant's point of view, the consequence of receiving the sentence to which he has agreed can hardly be deemed unanticipated or adverse.

Parole eligibility is not so much a direct consequence of a trial court's acceptance of a bargained plea of guilty, as it is a collateral *legislative* consequence of the defendant's own decision to accept a certain sentence in exchange for his guilty plea to a specified crime. Parole eligibility may be a factor which the defendant should consider in bargaining for a recommended sentence, but the trial court is entitled to presume that a defendant has apprised himself of such collateral consequences before agreeing to accept a certain sentence in exchange for his guilty plea. "While it is unquestioned that a guilty plea . . . must be knowingly and voluntarily made after proper advice and with a full understanding of the consequences, the trial court is not required to inform a defendant of all the possible collateral consequences of his plea . . . ." *Davis v. State*, 151 Ga. App. 736, 737 (261 SE2d 468) (1979). "The rule that a plea must be intelligently made to be valid does not suggest that a plea is vulnerable to later attack if the accused did not correctly assess every relevant factor entering into his decision. [Cit.]" *Kight v. State*, 158 Ga. App. 698, 699 (282 SE2d 176) (1981).

Appellant also urges that, even if the trial court had no duty to advise him of the parole consequences of his sentence, he should be allowed to withdraw his guilty pleas because he relied upon his original attorney's belief that OCGA § 17-10-3 was the controlling sentencing provision. The accusations plainly stated that the crimes to which appellant entered guilty pleas were misdemeanors of a high and aggravated nature. See *Nix v. State*, 236 Ga. 110, 113 (223 SE2d 81)

(1976). "A person cannot avoid the legal consequences of his acts even if based on good faith reliance on the advice of counsel. [Cit.]" *Davis v. State,* supra at 737. A "good faith mistake of fact by [appellant] and his attorney does not render his guilty plea involuntary. [Cit.] A defendant's subjective hopes and unfulfilled desires, not induced by the court or state, are not good grounds for attacking the resulting plea and sentence. [Cits.]" *Jeffares v. Defrancis,* 244 Ga. 183-184 (259 SE2d 444) (1979). "Adverse unanticipated collateral consequences are not valid reasons for reversing the trial court's refusal to withdraw a plea. [Cit.]" *Davis v. State,* supra at 736-737.

Appellant entered voluntary and intelligent pleas of guilty to misdemeanors of a high and aggravated nature after bargaining for specified sentences. After the bargained-for sentences were pronounced, they were then properly entered pursuant to OCGA § 17-10-4. The collateral parole consequences of these sentences may have been unanticipated by appellant and his counsel, but under the circumstances, this fact would not render the guilty pleas subject to attack. The trial court did not err in refusing to allow appellant to withdraw his guilty pleas.

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

As stated in his brief on appeal, Smith does not challenge the voluntariness of his plea or his understanding of the plea as negotiated, except as to the effect of the imposition of the incarceration portion of the sentence on parole eligibility and on earned time allowance.

At the hearing on the plea, defendant asked the court to impose the negotiated period of confinement under the jurisdiction of the state (OCGA § 17-10-3 (a) (2)) rather than under the jurisdiction of the county (OCGA § 17-10-4 (a) (2)). The court and counsel discussed in defendant's presence whether sentences for misdemeanors of a high and aggravated nature, as this was, would be credited only four days per month earned time allowance if confined by the county but not if confined by the State. It was assumed that in the latter event there would be one day credit for each day served. It was determined by the court, after having been explicitly stated by the State's attorney, that the law provided no choice; misdemeanors of a high and aggravated nature had to be served under county jurisdiction (OCGA § 17-10-4 (a)). This would mean, if followed, that only the four days credit of which the court had spoken would be earned (OCGA § 17-10-4 (b)). Counsel for defendant wanted to brief that point but the court indicated there was no need for it, being satisfied that that was the law and thus indicating that it would sentence pursuant to that under-

standing.

The confinement agreed upon was then imposed by the court to be under county jurisdiction. No objection was made nor did defendant or his counsel indicate that they did not understand that this was the legal premise for the sentence or that they wished to withdraw the plea. Two weeks later defendant filed his motion to withdraw the plea.

Eligibility for parole is not at issue. Counsel did not know when defendant would be eligible, if at all, and told defendant so before the plea was entered. There was no discussion at the time of the plea about parole eligibility; no questions were asked by defendant or his counsel in this regard. The court did not address it, as it would not, because parole eligibility was exclusively within the province of the parole board and did not involve the ingredients of the sentence but rather whether, given *later* consideration of many extraneous factors, actual time of incarceration would be shortened.

Defendant had no basis whatsoever, considering what his attorney told him, for taking parole eligibility into account in agreeing to plead guilty. It was simply not a part of the plea negotiations, the plea proceedings, or the court's sentence. Moreover, appellant states in his brief "that [he] is not arguing that his attorney misled him with reference to the amount of time that he might serve if he had a good prison record." In addition, he has not shown that he is not eligible to be considered. See OCGA § 42-9-20. Parole is a collateral consequence, the result of executive clemency dispensed by a constitutional board. 1983 Constitution of Georgia, Art. IV, Sec. II, Par. II.[1] OCGA § 42-9-1. It is not a relevant factor in a trial court's ascertainment of whether a plea is voluntarily, understandingly, and knowingly made.

As to earned time allowances, counsel had apparently earlier advised defendant to the effect that he believed he would get the one-day-earned-for-one-day-served credit and therefore his maximum time would actually be one year in confinement on a two-year confinement sentence.

Although he was wrong, as explained in court at the taking of the plea, there was no effort to withdraw. This, of course, was not a change in the negotiated plea or in any misunderstanding of its terms. Rather, it was nothing more than a pre-plea misunderstanding by counsel who apparently did not look at the statute before he informed his client of the computation of confinement time; that misunderstanding was dispelled by the state's attorney, as acknowledged by the court expressly in defendant's and his counsel's presence. Thus it

---

[1] The legislature has a limited power with respect to certain repeat offenders who are serving life sentences after their death sentences are commuted.

was clear at the time of sentencing that the court had no option to sentence to state custody, and that time served would be credited with four days per month instead of one day for each day served. All is succinctly set forth in OCGA § 17-10-4. Where a plea is entered knowing that confinement will have to be under county rather than state jurisdiction, and that it will be subject to the lesser earned time credit of four days per month, defendant should not be heard to complain after he thinks about it further and decides he is dissatisfied. He has not undermined the conclusion of the trial court that his plea was voluntary and knowingly and understandingly made.[2]

DECIDED FEBRUARY 26, 1985 —
REHEARING DENIED MARCH 28, 1985 — ▮▮▮▮▮▮▮▮

*Theodore S. Worozbyt, William A. Morrison,* for appellant.
*James L. Webb, Solicitor, Lawrence L. Washburn III, Charles S. Hunter, Assistant Solicitors,* for appellee.

---

[2] While I do not intimate that a different result would be reached under state constitutional law, I point out that the issue before us is only whether defendant's federal constitutional right was violated. All of the authority he relies on is federal, including the state cases, which construe the federal constitutional mandate. His arguments involving federal nonconstitutional law are, as the majority has said, not controlling.