### 70114. REEVES v. THE STATE.
(330 SE2d 439)

BANKE, Chief Judge.

Dale Reeves entered a plea of guilty to charges of theft by taking of a motor vehicle, escape, and criminal interference with government property and was sentenced to serve a total of eight years in confinement, to be followed by 17 years on probation. After the sentence was announced, appellant asked if he could withdraw his plea of guilty but was informed by the trial court that he could not. On appeal, he contends that the trial court erred in refusing to allow him to withdraw his plea. *Held*:

The transcript of the proceedings below reflects that the appellant was represented by counsel and was properly informed of his applicable rights and of the consequences of his plea. It also supports the trial court's determination, made after careful inquiry, that the appellant entered his plea voluntarily and intelligently. See generally *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969); *State v. Germany*, 245 Ga. 326 (265 SE2d 13) (1980).

Once a sentence has been orally announced, a defendant does not have an absolute statutory right to withdraw a plea of guilty. *State v. Germany*, 246 Ga. 455 (1) (271 SE2d 851) (1980). A ruling on a motion to withdraw a plea of guilty made subsequent to the pronouncement of a sentence rests within the sound discretion of the trial court. *Crump v. State*, 154 Ga. App. 359 (268 SE2d 411) (1980). We find no abuse of discretion on the part of the trial court in refusing to allow appellant to withdraw his plea in the present case. Accord *Harris v. State*, 167 Ga. App. 153 (4) (306 SE2d 79) (1983).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 8, 1985.

*Willis A. Duvall*, for appellant.

*J. Brown Moseley*, District Attorney, *William F. Riley, Jr.*, As-

■■■■■■■■■

*sistant District Attorney*, for appellee.