## A98A2205. WILCOX v. THE STATE.
(511 SE2d 597)

POPE, Presiding Judge.

Brandon Wilcox appeals from the superior court's order denying his motion to withdraw his guilty plea to one count of armed robbery and two counts of kidnapping. The court sentenced Wilcox to ten years to serve on each count and ran the sentences concurrently. Wilcox argues the court erred in denying his motion because his plea was not voluntary, he was denied effective assistance of counsel at the guilty plea hearing, and the trial court was impermissibly involved in the plea negotiations. Wilcox also argues that his hearing on the motion was rendered fundamentally unfair because the trial court questioned several of his witnesses. For the following reasons, we affirm.

1. In his first enumeration of error, Wilcox argues that during the hearing on his motion to withdraw the guilty plea, the trial court questioned several witnesses in an argumentative manner that put their credibility in issue. Further, Wilcox argues the court, by posing

---

these questions, became an advocate for the state, thereby rendering the proceeding fundamentally unfair.

"It has long been part of Georgia jurisprudence that a trial judge may propound questions to any witness for the purpose of developing fully the truth of the case, and the extent of such an examination is a matter for the trial court's discretion. [Cit.]" *Mullins v. State*, 269 Ga. 157, 158-159 (3) (496 SE2d 252) (1998). "The only limitation upon this right is not to express an opinion or intimate *to the jury* what has or has not been proven." (Emphasis supplied.) *Grayer v. State*, 181 Ga. App. 845, 846 (3) (354 SE2d 191) (1987). See also OCGA § 17-8-57. As the Supreme Court explained, the purpose of the limitation "is to prevent the jury from being influenced, not to keep the judge from making up his own mind. [Cit.]" *Jones v. State*, 250 Ga. 498, 499-500 (4) (299 SE2d 549) (1983). Thus, even if the court's questions were argumentative or revealed the judge's opinion about a witness's credibility, this limitation, clearly, does not apply because the court's questions were posed in a motion hearing, and not before a jury. See *Grayer v. State*, 181 Ga. App. at 846.

Finally, while the judge did question Wilcox and his former attorney at length about the details of the guilty plea and other pretrial matters, we do not believe the judge by doing so abandoned her impartiality and became an advocate for the prosecution. The questions posed were all aimed at eliciting the truth, establishing the facts, and making a thorough record for our review. We find no abuse of discretion. See *Craft v. State*, 234 Ga. App. 305 (506 SE2d 663) (1998).

2. Wilcox asserts the trial court erred in denying his motion to withdraw his plea because the State failed to carry its burden of showing that his plea was knowing and voluntary. We disagree.

"An accused may withdraw a guilty plea at any time before judgment is announced and may then plead not guilty. However, once sentence is pronounced (as occurred in this case), a withdrawal of a plea is within the sound discretion of the court, and this discretion will not be disturbed unless there is a manifest abuse of discretion. After a prisoner raises the question of the validity of his plea of guilty, the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Citations and punctuation omitted.) *Collins v. State*, 163 Ga. App. 403 (294 SE2d 623) (1982).

In this case, the court reviewed Wilcox's guilty plea transcript and heard testimony from Wilcox, his counsel, and the assistant dis-

.trict attorney. Uniform Superior Court Rule 33.9 requires the trial court to satisfy itself on the record that there is a factual basis for the guilty plea before entering judgment on the plea. This was done. Further, the plea hearing transcript shows sufficient facts from which the trial court could determine that Wilcox knew what he was accused of doing and knew that those acts constituted the crimes with which he was charged. See *Towns v. State*, 228 Ga. App. 267, 269 (3) (491 SE2d 497) (1997).

The record also reveals that Wilcox was aware of the rights he was waiving and of the consequences of his plea. The trial court asked Wilcox if his lawyer had explained the charges against him, if he understood that he had a right to a jury trial if he pled "not guilty," and if he understood that he would be giving up this right if he pled guilty. Wilcox answered "yes" to each of those questions. Wilcox was apprised of the mandatory minimum and maximum sentences available for the crimes charged. The court also questioned Wilcox on whether he had a chance to discuss his case thoroughly with his lawyer, whether his lawyer had discussed the facts and law of the case with him and advised him about the case. Wilcox, again, replied "yes" to each of these questions. Wilcox was also aware he would not get the benefit of first offender treatment.

Finally, Wilcox argues that he was not fully advised of the consequences of his plea because his attorney did not inform him of his possible parole eligibility and because the court did not tell him that he would not be eligible for parole under OCGA § 17-10-6.1. "Although criminal defendants are entitled to be informed of the consequences of their pleas, parole eligibility is not so much a direct consequence of a trial court's acceptance of a bargained plea of guilty, as it is a collateral legislative consequence of the defendant's own decision to accept a certain sentence in exchange for his guilty plea to a specified crime. Parole eligibility may be a factor which the defendant should consider in bargaining for a recommended sentence, but the trial court is entitled to presume that a defendant has apprised himself of such collateral consequences before agreeing to accept a certain sentence in exchange for his guilty plea." (Citation and punctuation omitted.) *Bess v. State*, 235 Ga. App. 372, 373 (508 SE2d 664) (1998).

In this case, Wilcox entered a negotiated guilty plea and received the sentences for which he bargained. As in *Smith*, from Wilcox's "point of view, the consequence of receiving the sentence to which he agreed can hardly be deemed unanticipated or adverse." (Emphasis omitted.) *Smith v. State*, 174 Ga. App. 238, 240 (329 SE2d 507) (1985). "This case is distinguished from *Hutchison v. State*, 230 Ga. App. 143 (495 SE2d 618) (1998), in which we concluded that trial counsel rendered ineffective assistance of counsel by failing to advise

appellant of the effect of OCGA § 17-10-6.1 on his guilty plea. *Hutchison* distinguished *Smith*, supra, on the ground that no allegation was made in *Smith* that trial counsel rendered ineffective assistance. Id. at 144. Here, too, no such allegation is [properly before the Court], and *Smith* is controlling." *Bess v. State*, supra at 373.

We conclude the State carried its burden of showing that Wilcox was aware of the rights he was waiving and knew the consequences of pleading guilty to the charges. The trial court did not err in finding the plea was voluntarily and intelligently made.

3. Wilcox contends his plea was "judicially coerced" because the trial court "impermissibly injected herself into the plea negotiations." We do not agree. Wilcox decided to plead guilty to armed robbery and kidnapping after the court rejected the state's request for the entry of a nolle prosequi order on the offenses of armed robbery and kidnapping and to allow Wilcox to plead to the lesser charges of robbery and false imprisonment. The court considered the motion, reviewed the state's investigative file, and agreed to accept the nolle prosequi only if Wilcox's co-defendant exonerated him or accepted primary responsibility for the crimes charged. When the state could not produce this evidence, the court declined to consent to the nolle prosequi and reduce the charges.

It appears from the record before us that the trial court was simply following the statute pertaining to the entry of a nolle prosequi: "After an examination of the case in open court and before it has been submitted to a jury, the prosecuting attorney may enter a nolle prosequi with the consent of the court." OCGA § 17-8-3. "When a recommendation is made that an indictment be nol-prossed, it is within the discretion of the trial court whether to follow the recommendation. [Cit.]" *State v. Davis*, 159 Ga. App. 537, 538 (1) (284 SE2d 51) (1981). Wilcox has neither enumerated as error nor argued that the trial court abused its discretion in denying the state's request to enter the nolle prosequi. Further, the court was not required to accept a plea to a reduced charge simply because the state was so inclined. See *Echols v. State*, 167 Ga. App. 307 (306 SE2d 324) (1983). Although the court's decision may have been influential in Wilcox's decision to plead, we cannot equate it with actual participation in plea negotiations. See *Skomer v. State*, 183 Ga. App. 308 (358 SE2d 886) (1987).

4. In his final enumeration of error, Wilcox argues the court should have allowed him to withdraw his guilty plea because he would not have entered the plea but for the ineffective assistance of his counsel. Although Wilcox argued in the court below that his attorney failed to fully advise him of the consequences of his plea, that argument was made in support of his claim that his plea was not knowing and voluntary. It was not made in support of a claim of inef-

fective assistance of counsel. In fact, when the court specifically noted that no ineffective assistance of counsel claim had been made, Wilcox's new counsel stated: "That's correct, Your Honor."

Our Supreme Court has stated that an ineffective assistance of trial counsel claim must be raised at the first practicable moment. *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1991). The Court has further held that a claim of ineffective counsel must be raised before appeal if an opportunity to do so is available. *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996). If the opportunity to present such a claim was available, "the failure to seize that opportunity is a procedural bar to raising that issue at a later time." Id. In this case, Wilcox, through his new counsel, could have raised an ineffectiveness claim at the hearing on his motion to withdraw his guilty plea. However, he chose not to do so. Thus, the issue has been waived. See *Cherry v. State*, 230 Ga. App. 443 (496 SE2d 764) (1998).

*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 4, 1999 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Dwight L. Thomas, Caprice J. Small*, for appellant.

*Robert E. Keller, District Attorney, Verda Andrews-Stroud, Assistant District Attorney*, for appellee.