## A00A1317. DALTON v. THE STATE.
### (534 SE2d 523)

BARNES, Judge.

Larry D. Dalton entered a guilty plea to making terroristic threats but later moved to withdraw his plea. Finding that Dalton's guilty plea had been entered freely and voluntarily, the trial court denied his motion. On appeal, Dalton attacks the trial court's ruling on the voluntariness of his plea. Having reviewed the transcript of the plea hearing, we agree with the trial court's determination and affirm.

After efforts to negotiate a guilty plea agreement were unsuccessful, Dalton's case proceeded to trial. Following the trial court's initial instructions to the jury, a bench conference ensued during which defense counsel raised the possibility of further plea negotiations. In a hearing outside the jury's presence, defense counsel

---

informed the court that the prosecution would be willing to consider probation with intensive supervision. But the trial court rebuffed that proposal, replying:

> He had until 9:30 yesterday. This Court is not going to play like that. If he wants to plead guilty, he can plead guilty, but it's going to be a blind plea. It's just that simple. I gave him until 5 o'clock Friday after the call calendar, and then I gave him until 9:30 yesterday morning, so it's going to be a blind plea. That's all I can tell him. And I need to know in five minutes.

After defense counsel and Dalton conferred, counsel announced, "My client understands that it will be a blind plea, and he would like to do that." The State then made the standard inquiries of Dalton to ensure that Dalton was fully and appropriately apprised of the rights he would surrender by pleading guilty. In particular, Dalton was advised fully of his rights under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), i.e., that he understood he was waiving his Fifth Amendment rights, his right to trial by jury, and his right to confront the witnesses against him. Among other things, Dalton stated that he understood that the court might impose the same punishment as if he had been tried and convicted by the jury. Dalton admitted knowing that his sentence would be "solely a matter for the judge to decide." After being alerted to the drawbacks of entering a plea, Dalton nevertheless affirmed that he still desired to enter a guilty plea and was doing so freely and voluntarily, without anyone coercing him to do so or promising anything to him. The court again advised Dalton that a jury trial could be started "in one minute or less," if he wanted a trial. Reiterating that Dalton would be entering a "blind plea," the trial court painstakingly clarified the consequences of such a plea, as follows:

> Do you also understand that this is what is called a blind plea? There's no plea bargain whatsoever which means once you enter this plea, you can't pull out of it unless I give you permission to pull out of it. I can sentence you anywhere between one year in jail up to five years in jail, and I could fine you up to $100,000 if I so desire? I'm not saying I'm going to do that, but the law allows me to do that. If I sentence you to five years in jail this morning and don't allow you to withdraw your plea of guilty, it's nothing you could do about it. You could appeal it to other courts but as far as this court's concerned, you'll be stuck with that sentence. You understand that?

Dalton answered that he understood. After some additional admonitions, the court again inquired, "You understand everything I just told you about the blind plea, and about why I could sentence you to, and that you can't withdraw it?" Dalton responded, "Right."

After Dalton entered his guilty plea, the State tendered evidence of Dalton's three prior felony convictions and requested a five-year sentence with the first three years to be served in confinement. After the State's recommendation, the trial court reiterated that this was a blind plea. The court imposed a five-year sentence with the first two years to be served in confinement.

About a month later, however, Dalton filed a pro se motion to withdraw his guilty plea. Dalton claimed that his plea had not been knowingly and voluntarily entered and that he did not fully understand it.

1. Dalton now contends that he did not enter his guilty plea freely and voluntarily and without hope of benefit. He claims his plea was based "on the mistaken assumption he would be given a probated sentence."

Contrary to Dalton's claim, as the transcript amply documents, the trial court emphatically rejected the recommendation by defense counsel for probation. During the hearing, Dalton admitted that no plea agreement had been reached and that the State had made no promises to him. Dalton was repeatedly advised that he could still proceed to trial, but if he entered a guilty plea, then the ultimate sentence would be decided by the court. Defense counsel's unsuccessful request for a probated sentence did not constitute an offer of hope or promise of benefit made by the State. Compare *Thompson v. Greene*, 265 Ga. 782, 783-784 (1) (462 SE2d 747) (1995) (in exchange for "substantial cooperation" from the defendant, the State agreed not to oppose a future motion to modify his sentence).

2. Dalton asserts that the trial court improperly denied his motion to withdraw his guilty plea.

Once a defendant raises an issue about the validity of his guilty plea, the State has the burden of establishing that the plea was voluntarily and intelligently entered. *Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255) (1990). One way the State may satisfy this burden is by showing that the defendant realized all the rights he was waiving and the possible consequences of his plea. *King v. State*, 215 Ga. App. 139, 140 (1) (449 SE2d 870) (1994). The State met that burden. See Uniform Superior Court Rule 33.8.

An accused may withdraw a guilty plea at any time before judgment is announced. See OCGA § 17-7-93 (b). But after sentence is pronounced, as here, permission to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and the court's decision will not be disturbed unless that discretion is manifestly

abused. *Wilcox v. State*, 236 Ga. App. 235, 236 (2) (511 SE2d 597) (1999); *Collins v. State*, 163 Ga. App. 403 (294 SE2d 623) (1982). We find no abuse of discretion. On the contrary, the trial court carefully and methodically explained to Dalton exactly what a "blind plea" involved and what the consequences might well be. See *Wilcox*, supra, 236 Ga. App. at 237. The transcript plainly belies Dalton's assertion that the trial court abused its sound discretion in denying the motion to withdraw his guilty plea. *DeLapuente v. State*, 182 Ga. App. 808, 809 (357 SE2d 155) (1987).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MAY 8, 2000 —
RECONSIDERATIONS DISMISSED MAY 26, 2000.

*James D. Crowe,* for appellant.
Larry D. Dalton, *pro se.*
*Harry N. Gordon, District Attorney, Michael E. Eberhardt, Assistant District Attorney,* for appellee.