A01A1074. HERMANN v. THE STATE.
(548 SE2d 666)

MIKELL, Judge.

Jeffrey James Hermann was charged with a violation of the Georgia Controlled Substances Act for possession of marijuana. OCGA § 16-13-30. Hermann entered a guilty plea pursuant to OCGA § 16-13-2 (a), so that he would be conditionally discharged as a first offender. The state recommended the following negotiated sentence to the court: "twelve months probation, four days to serve with credit for time already served, a $500 fine, forty hours of community service, and random drug screens." The court informed Hermann that he would also be required to attend 16 Narcotics Anonymous or Alcoholics Anonymous ("AA") meetings, participate in a drug risk reduction program, submit to an evaluation, and obtain any treatment deemed necessary. Hermann told the court that he understood the additional conditions, and the court accepted his guilty plea.

At the hearing, the court sentenced Hermann as follows:

> You will have twelve months probation; attend sixteen AA meetings; you will have four days to serve; you'll report at 7 p.m. on [September 15], which is Friday at the jail to serve

the balance of your jail time; you get credit for any hours already served. You will have [OCGA §] 16-13-2 treatment. You will complete the DUI drug risk reduction program. I'm going to do something different in the place of that. This will be less expensive. I'm not going to order the DUI drug risk reduction program. I am going to order a drug evaluation and any outpatient treatment that is recommended. This will be done by Ed Pierce. This will be less expensive than the other thing. You will pay a $500 fine; you'll have random drug screens; you'll have forty hours community service, and court costs.

Subsequently, the court reduced the sentence to writing. According to the written sentence, Hermann was required to pay the following: a $25 fee, as required by OCGA § 42-8-34; a fee of 50 percent of his $500 fine, according to OCGA § 15-21-100; and a probation supervision fee of $38 per month.

Hermann filed a motion to withdraw his guilty plea. At the motion hearing, Hermann testified that a course of treatment involving at least 17 counseling sessions was recommended after his drug evaluation, and that the sessions would cost $66 per week, thus imposing a large financial burden. The court denied the motion, and Hermann filed this appeal. We affirm.

"[A]fter [a] sentence is pronounced, as here, permission to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and the court's decision will not be disturbed unless that discretion is manifestly abused." *Dalton v. State*, 244 Ga. App. 203, 205-206 (2) (534 SE2d 523) (2000).

Hermann argues that the court erred by denying his motion to withdraw his guilty plea, because he was not properly advised of the conditions of his probation. Essentially, Hermann challenges his sentence, based on the surcharges and fees it involves, and argues that he was not adequately informed of the financial burden associated with the terms of his probation.

We conclude that the trial court did not manifestly abuse its discretion in denying Hermann's motion. First, the court did not have the discretion to add or suspend the mandatory charges of which Hermann complains. OCGA § 15-21-100 (a) provides in pertinent part that "there *shall* be imposed as an additional penalty a sum equal to 50 percent of the original fine" when a court imposes a fine for any offense involving the possession of marijuana. (Emphasis supplied.) Likewise, OCGA § 42-8-34 (d) (2) provides for a mandatory $25 fee when a defendant is put on probation.

More importantly, the unanticipated costs associated with Hermann's sentence did not result in a plea that was involuntarily given.

The court fully advised Hermann of his sentence. Because the statutorily mandated fees and the cost of Hermann's probation and drug treatment did not lengthen or alter the pronounced sentence, they merely had a collateral effect. See *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999). "Adverse unanticipated collateral consequences are not valid reasons for reversing the trial court's refusal to withdraw a plea." *Davis v. State*, 151 Ga. App. 736-737 (261 SE2d 468) (1979).

In *Sherwood v. State*, 188 Ga. App. 295 (1) (372 SE2d 677) (1988), we held that a trial court was not required to inform a defendant of all of the "collateral consequences" of his plea of nolo contendere to several traffic offenses and, therefore, that the court did not err in denying the defendant's motion to withdraw his plea. Furthermore, the Supreme Court held in *Williams v. Duffy*, supra, that defense counsel was not ineffective for failing to inform a defendant that no portion of his 15-year sentence could be served on parole. In *Williams,* the Court reasoned that ineligibility for parole had only a collateral effect on the defendant's sentence, because it did not lengthen the sentence itself, and that "[t]here is no constitutional requirement that a defendant be advised of such collateral consequences in order for his guilty plea to be valid." Id. at 581 (1).

Hermann relies on *Fox v. State*, 272 Ga. 163 (527 SE2d 847) (2000); however, that case is distinguishable from the case at bar. In *Fox,* the defendant had previously pleaded guilty to a burglary charge. When he was sentenced, the court did not mention a special condition of Fox's probation that he waive his Fourth Amendment rights. Instead, a probation officer informed him of the condition after the sentencing and outside the presence of counsel. During a subsequent search of Fox's residence, police discovered marijuana and a firearm. The trial court denied Fox's motion to suppress the evidence found in his home. Reasoning that Fox was not given the option to consider this particular substantive condition of probation, the Supreme Court reversed and held that *"under these circumstances,* the waiver of Fox's Fourth Amendment rights was not valid." (Emphasis supplied.) Id. at 165 (1).

In the case sub judice, Hermann has not unknowingly waived any of his constitutional rights, nor has he been given a longer sentence than that to which he agreed. Rather, he has been subjected to statutorily mandated fees and has been asked to pay the costs associated with his drug treatment as collateral consequences of his probation. "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." (Punctuation omitted.) *Davis,* supra at 737, citing *Brady v. United States,* 397 U. S. 742, 757 (90 SC 1463, 25 LE2d 747) (1970).

Accordingly, we find that the court did not err in denying Hermann's motion to withdraw his guilty plea.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MAY 8, 2001.

*John L. Strauss,* for appellant.

*Richard R. Read, Solicitor-General, Robert D. James, Jr., Assistant Solicitor-General,* for appellee.